**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-50012 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00695-DSF-1 |
| v. | |
| DANIEL LEROY PICK, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted September 12, 2019
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Appellant Daniel Leroy Pick (Pick), who entered a conditional guilty plea to charges associated with mail theft, appeals the district court's denial of his motion to suppress evidence.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Pick conceded that there was reasonable suspicion for the officers to conduct a patdown search of Pick and his co-defendant, Roberto Ortega (Ortega), following a 911 call that Pick and Ortega may have been engaged in criminal activity. The district court properly denied Pick's motion to suppress envelopes discovered during the frisk, because the envelopes were found during a search incident to arrest. *See United States v. Johnson*, 913 F.3d 793, 799 (9th Cir. 2019) (holding that "probable cause to arrest must exist at the time of the search, and the arrest must follow during a continuous sequence of events. If these conditions are satisfied, the fact that the arrest occurred shortly after the search does not affect the search's legality.") (citations and internal quotation marks omitted). The officers had probable cause to arrest Pick for loitering in violation of Cal. Penal Code § 647(h)[1] because: (1) a 911 caller conveyed that two individuals, meeting the descriptions of Pick and Ortega, were "hiding in the shadows" at an apartment complex where there had been recent burglaries, and the individuals had asked to use the 911 caller's cellphone; (2) the 911 caller described the two individuals' behavior as "suspicious"; (3) the officers encountered Pick and Ortega at the identified apartment complex; (4) Ortega first stated that he lived at the apartment

---

[1] Cal. Penal Code § 647(h) defines loitering as "to delay or linger without a lawful purpose for being on the property and for the purpose of committing a crime as opportunity may be discovered."

complex, then that a friend resided there, before admitting that he did not reside there or have a friend who resided there; (5) Pick did not refute any of Ortega's statements concerning their presence at the apartment complex, and also admitted that he did not live there; and (6) the officers were familiar with "situations where criminals ask individuals if they can use their cellphones as a ruse to commit robbery on the unsuspecting individuals." *See Johnson*, 913 F.3d at 800 (explaining that "[s]o long as the search was incident to and preceding a lawful arrest—which is to say that probable cause to arrest existed and the search and arrest are roughly contemporaneous—the arresting officer's subjective crime of arrest need not have been the crime for which probable cause existed") (citation omitted).

For the first time on appeal, Pick asserts that, prior to asking about the names and addresses on the envelopes, the officer was required to advise Pick of his *Miranda*[2] rights. However, Pick waived this argument because he did not "raise [this] particular ground in support of [his] motion to suppress" in the district court. *United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001) (citation omitted).

**AFFIRMED.**

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).